**Daniel P. Larsen**, OSB No. 943645
dpl@aterwynne.com
**Alexandra M. Shulman**, OSB No. 152784
aes@aterwynne.com
**ATER WYNNE LLP**
1331 N.W. Lovejoy Street, Suite 900
Portland, OR  97209
Telephone: (503) 226-1191
Facsimile: (503) 226-0079

**Charles C. Hooker** (*pro hac vice* to be filed)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Attorneys for Plaintiff Shred Ready, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **SHRED READY, INC.**, an Alabama corporation,<br><br>Plaintiff,<br><br>v.<br><br>**JACK LIN**, a resident of Oregon;<br>**AMY LIN,** a resident of Taiwan;<br>**INSPIRE ELEMENTS, INC.**, a Taiwanese corporation; and<br>**X-ZONE, LLC**, a Florida corporation,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br>(Trademark Infringement, Unfair Competition, Deceptive Trade Practices, and Conversion)<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT                                                                                                        Page 1

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2974165/1/DPL/000800-0033

Plaintiff Shred Ready, Inc. ("Shred Ready") states the following for its Complaint against Defendants Jack Lin, Amy Lin, Inspire Elements, Inc. ("Inspire Elements"), and X-Zone, LLC ("X-Zone") (collectively, "Defendants").

## I.    INTRODUCTION

1.     For more than twenty years, Shred Ready has created, promoted, and sold whitewater rafting and snow skiing or snowboarding helmets and accessories under its well-known SHRED READY and SR trademarks (the "Shred Ready Marks"), examples of which appear below:



2.     Shred Ready's helmets are sold throughout the United States and in other countries across the world.  Shred Ready has expended considerable effort and invested substantial sums of money to build its brand in connection with its products and its Marks.  As a result, the Shred Ready Marks and Shred Ready's products enjoy tremendous goodwill among whitewater and winter sports enthusiasts.

3.     In or around 2002, Shred Ready engaged Defendant Amy Lin to manufacture Shred Ready branded helmets. Ms. Lin and her businesses, Defendants Inspire Elements and X-Zone, did so until September 2014, when Shred Ready terminated these Defendants to begin using a different manufacturer for Shred Ready helmets.

COMPLAINT                                                                                                             Page 2

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2974165/1/DPL/000800-0033

4. Since their termination, Ms. Lin, Inspire Elements, and X-Zone have had in their possession, custody, or control: approximately 3,000 helmets bearing the Shred Ready Marks (the "Remaining Inventory"); the manufacturing molds for Shred Ready's helmets; and approximately 8,090 "Hand of God" (or "H.O.G.") retention straps (hereinafter, the "retention straps") and 170 foam helmet liners, which Shred Ready purchased and provided to install on Shred Ready helmets prior to shipping them.

5. Notwithstanding repeated requests from Shred Ready, Ms. Lin, Inspire Elements, and X-Zone persistently have refused to: sell to Shred Ready the Remaining Inventory of Shred Ready helmets; surrender the manufacturing molds; or return to Shred Ready its retention straps.

6. Worse, in or around August 2017, Defendant Jack Lin—in collaboration with Ms. Lin, Inspire Elements, and X-Zone—began offering for sale and selling to consumers in the United States Shred Ready branded helmets from the Remaining Inventory with Shred Ready's retention straps and helmet liners installed.



COMPLAINT                                                                                                          Page 3

7. Shred Ready did not authorize Defendants' sales of helmets from the Remaining Inventory. Shred Ready has been unable to control the distribution or pricing of these helmets, and it has not had the opportunity to inspect the quality of the helmets or the installation of the retention straps.

8. As a result, Defendants' unauthorized marketing and sales of helmets from the Remaining Inventory is misrepresenting the source or origin of the Shred Ready helmets Defendants are selling, confusing consumers as to the source or approval of these products, irreparably harming Shred Ready's goodwill, causing Shred Ready to lose sales, and potentially endangering the safety of consumers. Defendants have converted, and are reaping a windfall from the sale of helmets incorporating, Shred Ready's retention straps. Defendants' refusal to surrender the molds for Shred Ready's helmets has forced Shred Ready to pay to recreate the molds. And Defendants' conduct generally breaches fundamental principles of good faith and fair dealing.

9. This is, therefore, an action at law and in equity for unfair competition, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the fair business practices and unfair and deceptive trade practices acts of the several states; common law trademark infringement; and conversion. Among other relief, Shred Ready asks this Court to: (a) preliminarily and permanently enjoin Defendants from marketing or selling headwear and accessories using or bearing the Shred Ready Marks or confusingly similar imitations thereof; (b) award Shred Ready monetary damages and to treble that award; (c) require Defendants to disgorge all of their profits from their sales of the infringing helmets; (d) award Shred Ready punitive damages, attorneys' fees, and costs; and (e) award such other relief as the Court deems appropriate.

COMPLAINT Page 4

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2974165/1/DPL/000800-0033

## II.   PARTIES

10. Plaintiff Shred Ready, Inc. is a corporation organized and existing under the laws of the State of Alabama. Shred Ready, Inc. has a principal place of business at P.O. Box 1089 Auburn, Alabama 36831.

11. On information and belief, Defendant Jack Lin resides in the State of Oregon at 130 SE Viewmont Avenue, Apt. B, Corvallis, Oregon 97333.

12. On information and belief, Defendant Amy Lin resides in Taiwan and has a principal place of business at 2F, 59, Lane 421, Yung Ping Street, Taichung City, 40877 Taiwan.

13. On information and belief, Defendant Amy Lin has an additional business address of P.O. Box 19-83 Taichung, Taiwan.

14. On information and belief, Defendant Inspire Elements, Inc. is a Taiwanese corporation having a principal place of business at 2F, 59, Lane 421, Yung Ping Street, Taichung City, 40877 Taiwan.

15. On information and belief, Defendant X-Zone, LLC is a Florida corporation having a principal place of business at 113 Pontotoc Plaza, Auburndale, Florida 33823.

## III.   JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1332, and 1338. Subject matter jurisdiction over Shred Ready's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

17. This Court has personal jurisdiction over Defendants because: (a) Defendants have marketed, distributed, offered for sale, and sold infringing helmets to persons within the State of Oregon; (b) Defendant Jack Lin resides in the State of Oregon; (c) on information and belief, Defendants regularly transact and conduct business within the State of Oregon; and

COMPLAINT                                                                                                                    Page 5
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191
2974165/1/DPL/000800-0033

(d) Defendants otherwise have made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2) because a substantial part of the acts or omissions giving rise to Shred Ready's claims occurred in this District and because at least one of the Defendants resides in this District.

## IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Shred Ready and Its Well-Known Helmets

19. Shred Ready is currently, and for years has been, a leading creator of whitewater and snow skiing helmets and accessories. Over twenty years ago, Shred Ready began designing, promoting, and selling helmets, and in that time the Shred Ready Marks have come to signify the high quality and strong reputation of Shred Ready's products.

20. Since introducing its brand, Shred Ready has expended substantial efforts and sums of money promoting the Shred Ready Marks and products bearing those marks.

21. Shred Ready's helmets are used and trusted by the world's most established whitewater adventurists, snow boarders, and snow skiers. And its helmets are sold on Shred Ready's website at www.shredready.com, on numerous third-party websites, at hundreds of independent retailers in more than twenty-five states across the United States, including Oregon, and at retail stores outside of the United States.

22. As a result of Shred Ready's extensive use and promotion of the Shred Ready Marks, Shred Ready has built up and now owns extremely valuable goodwill that is symbolized by the Shred Ready Marks. The purchasing public has come to associate the Shred Ready Marks with Shred Ready.

COMPLAINT                                                                                                                           Page 6
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2974165/1/DPL/000800-0033

### B.  Defendants' Unlawful Activities

23.  In blatant disregard of Shred Ready's rights, Defendants are, on information and belief, marketing, distributing, intending to sell, offering for sale, and selling Shred Ready branded helmets in interstate commerce in the United States.

24.  Specifically, after Shred Ready terminated Defendants Amy Lin, Inspire Elements, and X-Zone as authorized manufacturers of Shred Ready branded helmets in or around September 2014, these Defendants have refused to relinquish to Shred Ready the Remaining Inventory.

25.  Shred Ready repeatedly has requested that these Defendants sell and deliver to Shred Ready the Remaining Inventory.  These Defendants, however, have refused.  Instead they have maintained the Remaining Inventory in their possession, custody, or control in or around Taichung City, Taiwan.

26.  Shred Ready also repeatedly has asked Defendants Amy Lin, Inspire Elements, and X-Zone to return to Shred Ready the manufacturing molds these Defendants used to manufacture helmets that Shred Ready designed, created, and specified.  These Defendants have refused.

27.  And Shred Ready has requested that Defendants Amy Lin, Inspire Elements, and X-Zone surrender to Shred Ready approximately 8,090 retention straps and 170 foam helmet liners, which Shred Ready separately purchased and provided to these Defendants to install on Shred Ready helmets prior to their being shipped.  These Defendants have not returned the retention straps to Shred Ready.

28.  Instead of surrendering to Shred Ready the Remaining Inventory or the retention straps, Defendants have been advertising, offering for sale, marketing, importing, distributing, and selling Shred Ready branded helmets from the Remaining Inventory, together with Shred Ready's retention straps, in interstate commerce in the United States.

COMPNT                                                                                           Page 7

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2974165/1/DPL/000800-0033

29. For example, in or around August 2017, Defendant Jack Lin posted the following advertisement on a Facebook page known as "Addicted to Whitewater" that is popular among kayakers, rafters, whitewater adventurists and related retailers in the United States.



30. Through this post, Mr. Lin engaged in multiple conversations with potential purchasers of Shred Ready branded helmets from the Remaining Inventory. True and correct copies of these conversations are attached as **Exhibit A**.

31. On information and belief, Mr. Lin has engaged in additional conversations with additional potential purchasers.

32. Mr. Lin further consummated sales of Shred Ready branded helmets from the Remaining Inventory and, in collaboration with the other Defendants, caused such helmets to be

COMPLAINT                                                                                                         Page 8

delivered from Taiwan to purchasers in the United States, including in Ohio and Oregon. True and correct copies of receipts, shipping labels, and associated documents and photographs from these purchases are attached as **Exhibit B**.

33. On information and belief, Defendants have sold additional Shred Ready branded helmets from the Remaining Inventory to other purchasers in the United States.

34. On information and belief, the Shred Ready branded helmets from the Remaining Inventory that Defendants have delivered from overseas to consumers in the United States incorporate retention straps that belong to Shred Ready.

35. At all relevant times, Defendants have been aware of Shred Ready's trademark rights in the Shred Ready Marks and of Shred Ready's ownership of the retention straps.

36. Defendants further have been aware that they are not authorized by Shred Ready to advertise, market, distribute, import, offer for sale, or sell Shred Ready branded products in the United States.

37. Defendants further have been aware that the sale of Shred Ready branded helmets from the Remaining Inventory would likely confuse or deceive consumers and would infringe Shred Ready's rights in the Shred Ready Marks. Indeed, on information and belief, Defendants knowingly, willfully, intentionally, and maliciously have advertised, marketed, distributed, imported, offered for sale, and sold Shred Ready branded helmets from the Remaining Inventory in the United States.

38. The Shred Ready branded helmets from the Remaining Inventory being offered for sale and sold by Defendants is not authorized by Shred Ready, nor are Defendants any longer associated, affiliated, or connected with Shred Ready, or licensed, authorized, sponsored, endorsed, or approved by Shred Ready in any way.

39. The Shred Ready branded helmets from the Remaining Inventory being offered for sale and sold by Defendants are virtually identical to, and compete with, helmets legitimately

COMPLAINT                                                                                                    Page 9
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191
2974165/1/DPL/000800-0033

sold by Shred Ready and its authorized retailers, and the parties' respective helmets are sold through overlapping channels of trade.

40. Defendants' use of the Shred Ready Marks is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the helmets sold by Shred Ready are authorized by, or in some manner approved or endorsed by or associated with Shred Ready, which they are not.

41. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of the Shred Ready Marks and Shred Ready's retention straps is causing irreparable harm to the goodwill symbolized by the Shred Ready Marks and the reputation for quality that they embody.

42. This attribution is particularly damaging with respect to those persons who perceive a defect or lack of quality in the Shred Ready branded helmets from the Remaining Inventory being offered for sale and sold by Defendants.

43. On information and belief, Defendants continue to use the Shred Ready Marks in connection with the sale of products that compete directly with those offered by Shred Ready. Defendants began selling these helmets well after Shred Ready had established protectable rights in the Shred Ready Marks.

44. Defendants have shown a callous disregard for Shred Ready's rights. Shred Ready has been well aware of Shred Ready's rights in its Shred Ready Marks and has known all along that Shred Ready owns the retention straps at issue. Therefore, Defendants have acted in bad faith, with malicious intent, and in knowing disregard of Shred Ready's rights.

45. Prior to filing this lawsuit, counsel for Shred Ready attempted to contact Mr. and Ms. Lin repeatedly through email and letters and by sending a draft copy of this Complaint. Defendants did not respond to Shred Ready's efforts to resolve this dispute amicably.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 10

2974165/1/DPL/000800-0033

### FIRST CLAIM FOR RELIEF
### Federal Unfair Competition

46. Shred Ready repeats and incorporates by reference the allegations in the preceding paragraphs.

47. Defendants' use of the Shred Ready Marks or confusingly similar imitations thereof has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are distributed by Shred Ready, or are affiliated, connected, or associated with Shred Ready, or have the sponsorship, endorsement or approval of Shred Ready.

48. Defendants have made false representations, false descriptions, and false designations of the helmets at issue in violation of 15 U.S.C. § 1125(a).  Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Shred Ready's goodwill and reputation as symbolized by the Shred Ready Marks, for which Shred Ready has no adequate remedy at law.

49. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Shred Ready Marks to the great and irreparable injury of Shred Ready.

50. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Shred Ready.  Shred Ready is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### SECOND CLAIM FOR RELIEF
### Unfair and Deceptive Trade Practices

51. Shred Ready repeats and incorporates by reference the allegations in the preceding paragraphs.

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 11

2974165/1/DPL/000800-0033

52. Defendants have been and are passing off the goods at issue as those of Shred Ready, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of these products, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Shred Ready, and otherwise damaging the public.

53. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

54. Defendants' unauthorized use of confusingly similar imitations of the Shred Ready Marks has caused and is likely to cause substantial injury to the public and to Shred Ready. Shred Ready, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
**Common Law Trademark Infringement and Unfair Competition**

55. Shred Ready repeats and incorporates by reference the allegations in the preceding paragraphs.

56. Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a

COMPLAINT Page 12
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191
2974165/1/DPL/000800-0033

likelihood of confusion to the irreparable injury of Shred Ready. Shred Ready has no adequate remedy at law for this injury.

57. On information and belief, Defendants acted with full knowledge of Shred Ready's use of, and statutory and common law rights to, the Shred Ready Marks and without regard to the likelihood of confusion of the public created by Defendants' activities.

58. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Shred Ready Marks to the great and irreparable injury of Shred Ready.

59. As a result of Defendants' acts, Shred Ready has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Shred Ready is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs. Further, in light of the deliberately fraudulent and malicious use of the Shred Ready Marks or confusingly similar imitations thereof, and the need to deter Defendants from engaging in similar conduct in the future, Shred Ready additionally is entitled to punitive damages.

## FOURTH CLAIM FOR RELIEF
### Conversion

60. Shred Ready repeats and incorporates by reference the allegations in the preceding paragraphs.

61. Defendants' acts constitute conversion of Shred Ready's retention straps, which Defendants know to be the property of Shred Ready.

62. Defendants are aware that Shred Ready purchased the retention straps and that the straps belong to Shred Ready.

63. Nevertheless, Defendants intentionally and wrongfully have placed the retention straps on helmets that Defendants have sold without authorization from Shred Ready and shipped to others, thereby dispossessing Shred Ready of property that rightfully belongs to it.

COMPLAINT                                                                                                                Page 13
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191
2974165/1/DPL/000800-0033

64. As a result, Shred Ready has been damaged in an amount not yet determined or ascertainable. At a minimum, Shred Ready is entitled to injunctive relief, ordering Defendants to cease further sales and compelling Defendants to return the retention straps to Shred Ready. Further, in light of the intentional, deliberately wrongful, and malicious nature of Defendants' conduct, Shred Ready additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Shred Ready prays that:

1. Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

   a. using the Shred Ready Marks or any other copy, reproduction, colorable imitation, or simulation of the Shred Ready Marks on or in connection with Defendants' goods;

   b. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Shred Ready's trademarks, trade dresses, names, or logos;

   c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Shred Ready, or are sponsored or authorized by Shred Ready, or are in any way connected or related to Shred Ready;

COMPLAINT

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

Page 14

2974165/1/DPL/000800-0033

   d. passing off, palming off, or assisting in passing off or palming off Defendants' products as those of Shred Ready, or otherwise continuing any and all acts of unfair competition as alleged herein; and

   e. advertising, promoting, offering for sale, or selling the Shred Ready branded helmets from the Remaining Inventory or other similar goods.

  2. Defendants be ordered to cease offering for sale, marketing, promoting, and selling, to remove from its retail or wholesale listings, and to recall all products sold under or bearing a confusingly similar imitation of the Shred Ready Marks, which are in Defendants' possession or have been shipped by Defendants or under their authority, to any customer, including but not limited to, any individual purchaser, wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

  3. Defendants be ordered to deliver to Shred Ready the helmets from the Remaining Inventory, the molds, and the retention straps and foam helmet liners described herein;

  4. Defendants be ordered to deliver up for impoundment and for destruction, all bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationary, or other materials in the possession, custody, or under the control of Defendants that adopt, use, or infringe any of Shred Ready's trademarks, trade dresses, or that otherwise unfairly compete with Shred Ready and its products;

  5. Defendants be compelled to account to Shred Ready for any and all profits derived by Defendants from the sale or distribution of infringing goods as described herein;

  6. Shred Ready be awarded all damages caused by the acts forming the basis of this Complaint;

COMMPLAINT     Page 15

ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191

2974165/1/DPL/000800-0033

7. Based on Defendants' knowing and intentional use of the Shred Ready Marks and confusingly similar imitations of the Shred Ready Marks, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

8. Defendants be required to pay to Shred Ready the costs of this action and Shred Ready's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited herein;

9. Based on Defendants' willful and deliberate infringement of, and unfair competition with, Shred Ready's marks, and to deter such conduct in the future, Shred Ready be awarded punitive damages;

10. Shred Ready be awarded prejudgment and post-judgment interest on all monetary awards; and

11. Shred Ready have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Shred Ready respectfully demands a trial by jury on all claims and issues so triable.

DATED:  December 21, 2017          **ATER WYNNE LLP**

By: *s/ Daniel P. Larsen*
Daniel P. Larsen, OSB No. 943645
Email: dpl@aterwynne.com
Alexandra M. Shulman, OSB No. 152784
Email: aes@aterwynne.com
Tel.: (503) 226-1191; Fax: (503) 226-0079

**KILPATRICK TOWNSEND & STOCKTON LLP**
Charles H. Hooker III (*pro hac vice* to be filed)
Email: chooker@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Tel.: (404) 815-6500; Fax: (404) 815-6555

Attorneys for Plaintiff Shred Ready, Inc.

COMPLAINT                                                                                                        Page 16
ATER WYNNE LLP
1331 NW LOVEJOY STREET, SUITE 900
PORTLAND, OR 97209-3280
(503) 226-1191
2974165/1/DPL/000800-0033